## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* JOHN FISCHER agt. BERNARD REILLY of the city and county of New York.

*Habeas corpus proceedings — Power of court of common pleas to commit for contempt for non-payment of expenses of reference.*

The power of the court of common pleas to commit a party who desired a reference for a particular purpose, which was granted on his stipulating to pay referee's fees in a certain contingency, and then refusing or declining to pay them, not doubted.

*Special Term, December,* 1878.

THE plaintiff was committed by the common pleas for contempt for the refusal to pay certain fees of a referee which he had stipulated to pay in a certain contingency. The plaintiff thereupon procured a writ of *habeas corpus* from judge BRADY, in the supreme court, alleging in his petition that judge DALY had no jurisdiction to issue the commitment; that he was not charged before the judge with the commission of any contempt of court, or any act for which a commitment can issue.

*Henry Wehle, Charles Goldzier* and *Edward Grosse,* for plaintiff, relator.

*Vanderpoel, Green & Cumming,* for sheriff.

*George F. & J. C. Julius Langbein,* for defendants, respondents.

The People *ex rel.* Fischer agt. Reilly.

BRADY, *J.* — I have examined the matter and my conclusion is that the relator is not entitled to his discharge. The cause of the commitment sufficiently appears in the warrant, and the order upon which it is founded, and to which it refers, shows, in detail, the circumstances leading to the imposition of the fine.

The relator desired a reference for a particular purpose and it was granted on his stipulating to pay the referee's fees in a certain contingency. The event occurred and then the court directed the payment of the fees in accordance with the compact made. He refused or declined to pay, and for this contempt was committed. The power of the court to commit under the circumstances I do not doubt. The expensive process was adopted as a favor to the relator on his promise to pay and he was bound to keep it.

Writ dismissed with costs and prisoner remanded.